GREEN *et al. v.* HUTCHINSON, tax-collector.

BECK, J. 1. "The third and fourth sections of the act approved August 23, 1905 (Acts 1905, p. 425), providing for the levying and collection of a local tax by school districts laid off in the manner prescribed, are inoperative, inasmuch as the method provided for the assessment of the tax is antagonistic to art. 7, sec. 2, par. 1, of the constitution." *Brown v. Southern Ry. Co.*, 125 *Ga.* 772.

2. A legislative act of a general nature, and intended to have uniform operation throughout the State, duly adjudicated to be unconstitutional and inoperative, can not be given effect in any part or subdivision of the State or of any county. An unconstitutional act of the legislature is not law. It is absolutely void. *Boston* v. *Cummins*, 16 *Ga.* 106; *Wellborn* v. *Estes*, 70 *Ga.* 390.

3. It appearing that the tax, the collection of which is here sought to be enjoined, was levied in pursuance of the provisions of those sections of the act which had been held to be unconstitutional and inoperative, the levy was illegal and invalid, for the reason pointed out in the first headnote, and the court erred in refusing to enjoin the collection of the same. *Judgment reversed. All the Justices concur.*

Submitted March 4,—Decided May 16, 1907.

Petition for injunction. Before Judge Mitchell. Colquitt superior court. January 26, 1907.

Green and others, residents of Hatsfield school district of Colquitt county, by their petition for injunction against Hutchinson, tax-collector of that county, alleged, that in pursuance of the provisions of the act of the General Assembly approved August 23, 1905 (Acts 1905, p. 425), the citizens of that district, on February 27, 1906, held an election, which resulted in a vote favorable to the levy of a local tax for public schools in the district, but that the act had been held unconstitutional (*Brown* v. *Southern Ry. Co.*, 125 *Ga.* 772), and therefore the election was void; that some of the school districts of the county, and especially the said district, are rural districts, "without corporations, railroads, and franchises," and under the act in question "received no benefits by collecting taxes therefrom and to be taxed on their property without the said benefit from corporations, franchises, etc., while other sections or districts of same county, in which corporations, roads, and franchises are, receive such benefits, would be partial, unequal, and unjust to petitioners, and not an equal basis with other divisions of same county as contemplated by the laws and constitution of the State." It was prayed that the defendant be enjoined "from issuing and further attempting to collect said taxes against petitioners for the local school for the year 1906." It was conceded by the defendant that the election, having been held prior to the passage of the act of the General Assembly approved August 21, 1906 (Acts of 1906, p. 61), amending the act of 1905, was not affected thereby; but it was contended that inasmuch as there were no railroads, corporations, etc., in the Hatsfield district, the criticism made upon the act of 1905, in the case of *Brown* v. *Southern Ry. Co.*, supra, has no application to this case, and that the tax levy should be allowed to proceed. The court refused an injunction, and the plaintiffs excepted.

*J. D. McKenzie* and *T. W. Mattox,* for plaintiffs.

*W. A. Covington,* for defendant.