DeKALB COUNTY *et al. v.* GRICE *et al.*

No. 10038.   September 17, 1934.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* and *Yantis C. Mitchell,* for plaintiffs in error.

*Harwell, Fairman & Barrett, Lovejoy Harwell,* and *Scott Candler,* contra.

ATKINSON, J. A claim for compensation under the law called the workmen's compensation act was made by Mrs. T. G. Grice, widow of Thomas G. Grice, based on injury causing his death while employed in the operation of a "rock-crusher." Walter Venable as employer, DeKalb County as employer, and the United States Fidelity and Guaranty Company as insurer for the county were parties. The Department of Industrial Relations held that the county was ⁋an employer, but dismissed the action for want of jurisdiction of the subject-matter. On appeal the superior court reversed so much of that decision as held that the Department of Industrial Relations did not have jurisdiction, and the judgment dismissing the claim. The insurance company excepted.

■ "When a law is attacked for unconstitutionality, the burden is upon him who makes the attack to make it clear in what particular any constitutional provision is offended." A failure to do this will make the ground of attack too indefinite to raise any question for decision. *Carswell* v. *Wright,* 133 *Ga.* 714, 718 (66 S. E. 905); *Harris* v. *State,* 147 *Ga.* 489 (94 S. E. 572); *Spielberger* v. *Hall,* 159 *Ga.* 511, 514 (126 S. E. 391); *Avery* v. *Bower,* 170 *Ga.* 202 (4) (152 S. E. 239). In the instant case a statement was made in a letter by a representative of the insurance company to the Department of Industrial Relations, dated March 4, 1932: "In connection with the above claim against DeKalb County, which was set for March 4th, and postponed until the eighteenth, we respectfully request a dismissal of this claim by the Industrial Commission for lack of jurisdiction. This request is based on the decision of the Supreme Court in which it is held that counties are not employers within the meaning of the compensation act, and therefore the Industrial Commission has no jurisdiction." In a letter dated March 23, 1932, it was stated: "We believe we have formally notified you by letter before the hearing and in person at the hearing that we will plead the decision of the Supreme Court in the case of Floyd County versus Scoggins, and for that reason asked that the claim against the DeKalb County and the United States Fidelity and Guaranty Company be dismissed for lack of

jurisdiction. We again make that plea and request that this letter become a part of the record in the case." These statements were insufficient to call in question the constitutionality of the statute under which the claim for compensation was pending.

Upon the contentions indicated in the above-quoted excerpts the director stated in the final decision: "Since the Supreme Court of this State has held that the section of the law as applied to counties is unconstitutional, that the Department is without authority to award compensation to the dependents of the deceased employee who was killed while working for . . DeKalb County, Georgia. The claim for compensation of Mrs. Thomas G. Grice is therefore dismissed on the ground that the Department of Industrial Relations has no jurisdiction to award compensation to the beneficiaries of county employees." This ruling proceeds on the theory that so much of the statute as purported to confer jurisdiction on the tribunal had been declared void and eliminated by the Supreme Court in a former decision, and therefore was ineffectual to afford jurisdiction in the instant case. Such a doctrine finds expression in the constitution (Civil Code, § 6392) ; *Green* v. *Hutchinson,* 128 *Ga.* 379 (57 S. E. 353). The decision was not a ruling upon the constitutionality of the statute. Neither was the decision of the trial judge on appeal a decision upon the constitutionality of the statute, wherein it was said: "The court holds that the said Department of Industrial Relations has jurisdiction in this case to award compensation, this case being distinguishable on the facts from the cases cited by counsel for the insurer."

■ In the bill of exceptions a large number of attacks are made upon the statute and upon the decision of the trial court, as being violative of the constitution, but these being made for the first time in the bill of exceptions will not be considered. *Board of Education* v. *Board of Trustees,* 170 *Ga.* 509 (2) (153 S. E. 214).

■ As no constitutional question was made or decided in the trial court, and the only other assignments of error relate to questions reviewable only in the Court of Appeals, the case will be transferred to that court. *Harris* v. *State,* supra.

*Transferred to Court of Appeals. All the Justices concur, except Hutcheson, J., disqualified.*