### 24452. DeKalb County *et al.* v. Grice *et al.*

Stephens, J. 1. Where an act has been declared unconstitutional by the Supreme Court, it is not, in subsequently arising litigation, necessary that the party who seeks to avoid the effect of the act upon the ground that it is unconstitutional raise the question respecting the act's unconstitutionality by specifically attacking the act upon the ground that it is unconstitutional. The act will be treated by the courts as a nullity, and the case will be disposed of and decided as if the act had never been

passed. *Green* v. *Hutchinson,* 128 *Ga.* 379 (57 S. E. 353); *Zachry* v. *Mayor &c. of Harlem,* 138 *Ga.* 195, 197 (75 S. E. 4); *Perdue* v. *Maryland Casualty Co.,* 43 *Ga. App.* 853 (160 S. E. 720). It therefore follows that the failure of a party to a litigation to raise the question as to the unconstitutionality of an act which has been declared unconstitutional does not amount to a waiver of the party's right to have the act treated as a nullity. Even if a party to litigation could waive the unconstitutionality of an act of the legislature and thereby consent to a judgment placing a financial obligation upon him imposed by an application of the terms of the act, such waiver or consent can not be made by a public body, such as a county, whose powers and duties are limited by law and which has no power or authority to assume a financial burden not authorized by law.

2. Since so much of the workmen's compensation act as requires counties of this State to pay compensation to employees of the counties for injuries arising out of and in the course of the employment is unconstitutional, as was held by the Supreme Court in *Floyd County* v. *Scoggins,* 164 *Ga.* 485 (139 S. E. 11), in a decision rendered July 14, 1927, and prior to the institution of the present litigation, which. is a claim for compensation against the County of DeKalb and the insurance carrier, filed by the wife of an alleged employee of the county as claimant for compensation, a failure of the county, upon the hearing before the Department of Industrial Relations to raise the question as to the unconstitutionality of the act, and an insistence by the county at the time only upon the proposition that the claimant's husband was not an employee of the county but was an employee of an independent contractor, and thereby attempting to waive the unconstitutionality of the act as applied to the county, will not, upon the ground that the county has thereby waived the question of the unconstitutionality of the act, authorize a judgment of the superior court sustaining an appeal by the claimant from a judgment of the Department of Industrial Relations denying compensation against the county and the insurance carrier upon the ground that so much of the compensation act as authorized compensation against counties was unconstitutional.

3. Since, as was held by the Supreme Court in *Hartford Accident & Indemnity Co.* v. *Thompson,* 167 *Ga.* 897 (147 S. E. 50), and *Parker* v. *Travelers Insurance Co.,* 174 *Ga.* 525 (163 S. E. 159), the existence of the relation of employer and employee, within the meaning of section 2(b) of the workmen's compensation act, is necessary in order to confer upon the Department of Industrial Relations jurisdiction to entertain a claim for compensation, and where the alleged employer is not an employer within the meaning of the workmen's compensation act jurisdiction does not devolve on the Department of· Industrial Relations to award compensation under the provisions of the act, and "jurisdiction as to such matter can not be conferred by act of the parties," the Department of Industrial Relations, by reason of the fact that the County of DeKalb was, by virtue of the unconstitutionality of the provision of the compensation act, not an employer coming within the compensation act, had no jurisdiction to award compensation either against the county or the insurance carrier, and such jurisdiction could not be conferred by the

consent of the county, even assuming that the act of the county in failing to insist upon the unconstitutionality of the act and defending the claim solely upon the ground that the employee was not an employee of the county, but was an employee of an independent contractor, amounted to a consent by the county to the jurisdiction of the Department of Industrial Relations.

4. The act approved March 24, 1933 (Ga. L. 1933, p. 184), which prevents the insurance carrier from pleading that the employer is not subject to the compensation act, has no application, since it went into effect on March 24, 1933, after the date of the rendition of the judgment of the Department of Industrial Relations denying compensation, which was rendered March 3, 1933.

5. Nothing herein ruled is in conflict with the decision of the Supreme Court (179 *Ga.* 458, 175 S. E. 804), transferring this case to the Court of Appeals upon the ground that the Supreme Court had no jurisdiction, in that no attack was made upon the constitutionality of the act upon the hearing before the Department of Industrial Relations.

6. The judge of the superior court therefore erred in holding that the Department of Industrial Relations had jurisdiction to award compensation, and in sustaining an appeal of the claimant from the judgment of the Department of Industrial Relations dismissing the claim on the ground that the department had no jurisdiction to award compensation.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 16, 1935. REHEARING DENIED OCTOBER 5, 1935.

*Bryan, Middlebrooks & Carter, John A. Dunaway, Yantis C. Mitchell,* for plaintiffs in error.

*Harwell, Fairman & Barrett, Lovejoy Harwell, Scott Candler,* contra.