ROYAL CIGAR COMPANY *v.* HUIET, commissioner.

No. 14513.   MAY 6, 1943.

854

*Albert E. Mayer,* for plaintiff in error.

*Clifford Walker* and *Otis L. Hathcock,* contra.

DUCKWORTH, J. ■ The demurrer raises the question of the invalidity of section 19(g) 4 as originally enacted and as amended in 1941. This clause as originally enacted has been construed and by this court held to be void, in that it offends the equal-protection clause of the State constitution. *Independent Gasoline Co.* v. *Bureau of Com.,* 190 *Ga.* 613 (10 S. E. 2d, 58). It is contended by the commissioner that the decision there is limited to the particular facts involved in that case, and that that decision does not affect the validity of the act when applied to other facts. We can not agree to this contention. The language of the statute does not change its meaning when the facts in a particular case are presented. In deciding the constitutionality of a statute the true test is whether the language and true meaning of the act contravenes the constitutional provision. If the act contravenes the constitution, then it is void, and it is the duty of the court to so hold. It follows that the former decision of this court had the effect of rendering invalid that portion of the law here involved. It could not, therefore, be applied to any state of facts. *Green* v. *Hutchinson,* 128 *Ga.* 379 (57 S. E. 353) ; *Harrison* v. *National Biscuit Co.,* 172 *Ga.* 285 (157 S. E. 666) ; 16 C. J. S. 287, § 101. Counsel for the commissioner, although not requesting that we review and overrule the decision in *Independent Gasoline Co.* v. *Bureau of Com.,* supra, cite a number of decisions from other jurisdictions, which, it is contended, are in conflict with the decision of this court. We have carefully reviewed the cases cited, but we find nothing in those decisions which in our opinion would authorize a failure upon our

part to give full effect to the equal-protection clause of our State constitution. We believe that our former decision is sound and should not be overruled or modified. See *Hollingsworth* v. *Ga. Fruit Growers Inc.,* 185 *Ga.* 873 (196 S. E. 766), and cit.

Nor do we think that the amendment to this clause of the act in 1941 removed the objectionable feature which rendered the original clause unconstitutional. The evil of the original act, as pointed out by this court in the previous decision, was that the law imposes this burden upon a corporation which is a legal entity and which would not otherwise be subject because a majority of its capital stock is owned by one who controls or owns another employing unit. The amendment preserves this evil, in that it provides in part that "any employing unit which, together with one or more other employing units, engaged in related businesses, is owned or controlled directly or indirectly by the same interests, . . and which, if treated as a single unit with such other employing units or interests, or both, would be an employer under paragraph (1) of this subsection." The words "engaged in related businesses," found in the amendment to the act, did not appear in the original; and it is contended by the commissioner that these words change the meaning of the clause and cure the defect of the original as pointed out in the former decision of this court. It is clear that the amendment retains the evil of the original which made the ownership of the majority of the capital stock of a corporation the deciding factor in a determination of whether or not the corporation was made subject to the terms of the act. The additional words found in the amendment, while in some indefinite degree limiting the corporations or employing units that would be subject under this clause of the act, are not sufficient to cure the evil which rendered the original unconstitutional. It follows that the amendment, under the previous decision of this court which held the original unconstitutional, is unconstitutional and void for the reasons there set out. The court erred in overruling these grounds of the demurrer.

■ But the commissioner asserts in his amended petition that the defendant is liable for the amount sued for, by virtue of its voluntary election to come under the act. The petition sets forth as an exhibit a writing signed by the defendant, by the terms of which the defendant offered to voluntarily become subject to the

unemployment-compensation act. Section 8 of the act provides that an employer not otherwise subject may voluntarily in writing become subject when its written offer has been accepted or approved in writing by the commissioner. It is admitted that the defendant made a written offer to become subject as of January 1, 1938, but it was not shown upon the trial that the commissioner approved the defendant's offer in writing and transmitted or communicated his written approval to the defendant. A witness for the commissioner, by whom it was sought to prove this fact, testified that he could not say that the commissioner's written approval was duly addressed to the defendant and properly stamped and deposited in the United States post-office. It must be held that there is no evidence to show that the written approval of the commissioner was ever communicated to the defendant. But it is strongly urged by counsel for the commissioner that under the act the defendant became liable immediately upon the approval of the commissioner of its written offer, and that it was unnecessary that his approval be communicated to the defendant. The writing signed by the employer amounts to no more than an offer upon its part, which offer would become binding only when accepted in writing by the commissioner and this fact communicated to the employer. In the absence of an intention that the commissioner's approval be communicated to the employer as a condition precedent to the employer's becoming liable under the act, there would have been no need for a requirement in the law that the commissioner's approval be in writing. The commissioner needed no notice to notify him of his own act. The employer is the only one that would be benefited by having the written notice of the commissioner's approval. It would thereby be put on notice that it must make contributions as required by the act. It thus appears that the legislative purpose in requiring that the commissioner's approval be in writing was to afford this needed notice to the employer. The written offer of the defendant was made on a blank form evidently prepared by the commissioner, and that form contains the following language: "If the election is approved, a copy of the agreement will be returned to you, properly signed." This language contained in the offer renders it not binding until and unless it is approved in the manner there stipulated, which is the return to the employer of a properly signed copy thereof. In *Federal Farm Mortgage Cor.* v

*Dixon,* 185 *Ga.* 466 (195 S. E. 414), it was stated: "Where an express acceptance by the opposite party is required by the offer in order to establish a contract, the fact of such subsequent acceptance must be communicated to the offerer by the opposite party or competent agent of such party; and a mere private uncommunicated assent would not effect an agreement." To the same effect see *Barnes Cycle Co.* v. *Schofield,* 111 *Ga.* 880 (36 S. E. 965); *Peacock* v. *Horne,* 159 *Ga.* 707 (126 S. E. 813); *National Fire Insurance Co.* v. *Farris,* 63 *Ga. App.* 479 (11 S. E. 2d, 427). The evidence was insufficient to entitle the commissioner to recover the amount sued for, on the basis of a voluntary agreement.

■ But the commissioner contends that he is entitled to recover the amount sued for, upon the further ground that the defendant, during the period covered in the suit, had eight employees covered by the act, which under section 19(g) 1 rendered it subject to the terms of the act. It is agreed by the parties that the defendant, during the period covered by the suit, had seven employees who were covered by the act, but there is a sharp disagreement as to whether the eighth person was an employee covered by the act. As to this person there is evidence in the record that he was paid $25 per month, that his services consisted in making a statement from the check-stubs and other data showing the operations of the defendant's business. There was no specified time or place for the performance of these services. None of the services were performed at the defendant's place of business or upon its premises. Nor did the defendant give directions of any kind to this person. The only control over this person exercised by the defendant was to require that the work be performed in a satisfactory manner. Only a small portion of this employee's time was consumed in rendering services to the defendant, and he was engaged at all times in other employment, either in the performance of an independent mercantile business of his own, or in doing general accounting work for a number of other concerns. Section 19(h) 6 of the unemployment compensation act (Ga. L. 1937, p. 806) provides that services performed by an individual for wages shall be employment subject to this act, unless it is shown to the satisfaction of the commissioner that "(A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either out-

side the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is customarily engaged in an independently established trade, occupation, profession, or business." It was held by this court in *Zachos* v. *Huiet,* 195 *Ga.* 780 (25 S. E. 2d, 806), that the portion of the section referred to above, which provides that "unless and until it is shown to the satisfaction of the commissioner," was invalid for the reasons there pointed out. That decision, however, did not have the effect of rendering invalid subsections A, B, and C, quoted above. It is clear from the language of the act that it was the legislative intent to remove from the operation of the act those employees who could prove that they met the conditions set forth in A, B, and C. There is no language in the act to indicate that the legislature intended that those affected by the act should be deprived of the benefit of these provisions when it had been established as a matter of fact that the conditions there set forth were fully met. Of course, by the provision that these matters be shown to the satisfaction of the commissioner the legislature indicated a desire that the commissioner be the tribunal for deciding these questions; but there is nothing to indicate a legislative intent that other tribunals established for the purpose of adjudicating rights should not determine these questions. On the contrary, section 21 of the act provides that if any of its provisions are held invalid, the remainder shall not be affected thereby. The evidence shows that the employee Sterne, both by the terms of his employment and by his actual performance of services, was free from control or direction by the defendant, that his services were performed outside of all of the places of business of the defendant, and that he was engaged in an independently established trade, occupation, or profession. Consequently the evidence demands a finding that this employee is not covered by the unemployment compensation act. *Judgment reversed. All the Justices concur.*