30098. BREWSTER et al. *v.* HUIET, Commissioner.

DECIDED JUNE 10, 1943. REHEARING DENIED JUNE 30, 1943.

*George & John L. Westmoreland,* for plaintiffs in error.
*Clifford Walker, Otis L. Hathcock, A. L. Henson,* contra.

FELTON, J. (After stating the foregoing facts.) The only question for determination is whether under the evidence the court was authorized to find that certain truck drivers were employees of the defendants for wages, and that the defendants owed the plaintiff the contributions due under the law by reason of such fact. The defendants contend that the evidence demands the finding that the truck drivers were not employees for wages. There are several reasons why this contention is not well founded. It is of course possible, permissible and legal for the defendants to have made such an agreement with the truck drivers as would have relieved the defendants from the payment of the tax, even if the purpose of the agreement was to escape the tax. The evidence does not demand the finding, however, that this was done. The evidence authorized the finding that the original arrangement was that the truck drivers were employees of the defendants, employed to collect and deliver laundry on a commission basis, and under which the defendants were responsible to customers for loss of or damage to laundry. It also authorized the finding that originally the laundry's name was on the trucks used by the drivers, and the laundry tickets showed the defendants to be one party to the contract for washing the laundry, and the owners of the laundry to be washed, the other party; that the arrangement was changed for the purpose of avoiding the payment of the unemployment compensation tax on the drivers, as well as for other reasons. It shows

that the defendants controlled the trucks to the extent that the defendants required the drivers to put the driver's name on each truck, or did so themselves, and that the defendants printed the new tickets showing that the laundry was done for the drivers and not for the owners of the laundry. These evidences of control might not in themselves be significant or determinative of the relations between the parties. It may be that if the facts are as contended by the defendants the drivers would be independent contractors operating under such an agreement as would relieve the payment of the tax. We think that under the evidence produced, the finding was authorized that the drivers were mere employees paid on a commission basis. The names of the customers of the defendants or the drivers were available to the defendants, and its failure to produce any evidence at all from any of them to the effect that they contracted solely and exclusively with the drivers as principals was a circumstance to be considered with the other facts, the sum total of which authorized the finding arrived at. See *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23 (174 S. E. 708). The finding was authorized that the commission carried the burden of proving that the drivers were employees for wages; that they had not been free from direction and control in the performance of their services; that the services were not outside the usual course of the business of the defendants; that all the services were not performed outside of all the places of business of the defendants; and that the drivers were not customarily engaged in an independently established trade, occupation, or business. See *Royal Cigar Co.* v. *Huiet,* 195 *Ga.* 852 (25 S. E. 2d, 810) as to the validity of the provision of the unemployment act found in sec. 19 (h) (6)(A), (B), and (C), Ga. L. 1937, pp. 806 et seq. The court did not err in finding against the defendants.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*