## 33206. HEDRICK CONSTRUCTION CO. INC. *v.* STATE OF GEORGIA.

Decided November 16, 1950.

648

*Smith & Gardner,* for plaintiff.
*Clifford Walker, J. Benton Evans,* for defendant.

FELTON, J. The evidence showed that the corporate powers granted the Hedrick Construction Company are: "(a) to carry on and conduct a general contracting and constructing business including the designing, constructing, enlarging, repairing, remodeling or otherwise engaging in any work upon building roads, sidewalks, highways, bridges or manufacturing plants; and to engage in iron, steel, wood, brick, concrete, stone, cement, masonry, and earth construction, and to execute contracts or to receive assignments of contracts therefor, or relating thereto; also to manufacture and furnish the building materials and supplies connected therewith. (b) To have all the powers and enjoy all of the privileges enumerated in 22-1827 and 22-1870 of the Code of Georgia and all of the other powers and privileges enumerated in Chapters 22-18 and 22-19 of said Code and all of the powers and privileges therein. . ." The evidence also showed that the Hedrick Construction Company had only three employees and that its business was to buy real estate, sell real estate, to sell houses bought, to employ independent contractors to build houses for the company to sell; to furnish material to the subcontractors for the construction of houses for it, etc. The treasurer of the company testified as follows: "We have been in the business of buying real estate and selling houses that have been built. Sometimes the houses have already been constructed and we sell those, and sometimes we buy vacant lots and we have houses built on those lots. We have never during the time that we have

been a corporation, we have never gone out and hired any individuals to build any house. We have sold houses after they have been built, but to date we have never hired any individuals to build any houses at all for us." The evidence further showed that the company contracted to sell houses to purchasers which the company agreed to have constructed according to the buyers' plans and specifications. It is the contention of the construction company that since it did not construct houses by hiring employees to build them it was not in the construction business and that since the construction of houses was not its usual business, it would not be liable for the tax assessed under the Act of 1937 (Code, Ann. Supp., § 54-657 (f)), which provides that "Whenever any employing unit contracts with or has under it any contractor or subcontractor for any work, which is part of its usual trade, occupation, profession, or business, . . the employing unit shall for all the purposes of this Chapter be deemed to employ each individual in the employ of each such contractor or subcontractor for each day during which such individual is engaged in performing such work." We cannot agree with the company's contention. Not only the charter provisions but the plan of the company's operation conclusively show that it was engaged in the business of constructing houses. The fact that it did so by means of independent contractors rather than by employees would not alter the fact that it was engaged in the construction of the houses. A construction contractor might do his business of constructing buildings solely through the medium of subcontractors but it certainly could not be said that for that reason he was not in the construction business. The responsibility of the construction work is primarily his and this responsibility and the genuine nature of his business cannot be altered or affected by letting the work out to subcontractors. The very purpose of the Code section above quoted is to prevent the avoidance of the unemployment-compensation tax by the employment of contractors or subcontractors each of whom might employ less than eight persons, etc. The burden of proving non-liability for the tax was upon the construction company. Ga. L. 1943, p. 610; 1945, pp. 331, 332 (Code, Ann. Supp., § 54-650); Code § 92-3306; *Thompson* v. *Fain*, 139 *Ga.* 310 (77 S .E. 166); *Herrington* v. *Moore*, 45 *Ga. App.* 636 (165 S. E. 867); *Manley* v. *Mobley*, 174 *Ga.* 228 (162 S. E. 536).

650

The burden was not carried in this case by the company in merely showing that it had only three employees. The construction company relies on the following cases: *Royal Cigar Co.* v. *Huiet,* 195 *Ga.* 852 (25 S. E. 2d, 810); *Jeffreys-McElrath Mfg. Co.* v. *Huiet,* 196 *Ga.* 710 (27 S. E. 2d, 385, 150 A.L.R. 1200); *Huiet* v. *Great Atlantic & Pacific Tea Co.,* 66 *Ga. App.* 602 (18 S. E. 2d, 693). We think that the distinction between those cases and the instant case is so clear that a detailed discussion of them is unnecessary. Suffice it to say that in those cases the employments in question were plainly not the usual trade or business of the employing unit involved, while in this case the employment of subcontractors to construct houses is beyond peradventure the usual trade and business of the unit employing them especially under the charter here involved and the facts with respect to the operations of the corporation.

The court did not err in dismissing the affidavit of illegality and in ordering that the execution proceed.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*