307 P.2d 222

**C. N. HANKINS, Plaintiff-Appellant,**

v.

**R. U. SPAULDING, Commissioner of Finance, State of Idaho, Defendant-Respondent.**

No. 8464.

Supreme Court of Idaho.

Feb. 8, 1957.

William H. Bakes, Twin Falls, for appellant.

Graydon W. Smith, Atty. Gen., Thomas J. Jones III, Asst. Atty. Gen., for respondent.

534

McQUADE, Justice.

This is an action commenced in the district court for a declaratory judgment. Plaintiff, a California resident, is employed in soliciting accounts for U. S. Credit Bureau, Inc., of Los Angeles, a collection agency. These accounts are presented to the employer, which either accepts or rejects them. If an account is rejected, it is returned to the original creditor; if it is accepted, Hankins is paid for the account regardless of whether anything is ever collected on it, and he has nothing further to do with the account. The accounts are generally collected through letters sent through the U. S. mails from Los Angeles, California.

The employer, U. S. Credit Bureau, Inc., has an Idaho collection agency permit. The plaintiff applied for an agent's permit under the provisions of I.C. Title 26, chapter 22, from the defendant, the commissioner of finance of the State of Idaho, who rejected the application on the ground that plaintiff was not a resident of the state as is required by I.C. § 26–2211(g).

Plaintiff brought this action for a declaratory judgment, asking the court to determine his rights under Title 26, chapter 22, and to decide the constitutionality of I.C. § 26–2211(g), which authorizes issuance of agents' licenses only to residents of Idaho. The trial court held this residence requirement of Hankins did not violate the commerce clause of the United States Constitution, the due process clause of either the Idaho or the Federal Constitution, or the equal protection clause of the U. S. Constitution, and that it did not constitute discrimination between citizens of Idaho and of other states in violation of Article 4, section 2, of the U. S. Constitution. This appeal is from that judgment.

Appellant's brief fails to set forth specifications of error. Rule 41 of this court provides:

"Appellant's brief shall contain a distinct enumeration of the assignments of error. * * *"

However, in the resent cases of Application of Williams, 76 Idaho 173, 279 P.2d 882; Summers v. Martin, 77 Idaho 469, 295 P.2d 265, and Lawyer v. Sams, 72 Idaho 101, 237 P.2d 606, wherein no specific assignments of error were made by the appellants but their contentions were briefed and argued, this court has considered the issues so presented.

Appellant maintains that the trial court erred in that

1. The residence requirement of I.C. § 26–2211 violates the due process clause of

Article 1, section 13, of the Constitution of the State of Idaho.

2. The statute violates the privileges and immunities clause of the U. S. Constitution, and deprives the plaintiff of property in violation of the Fourteenth Amendment to the U. S. Constitution.

3. The statute discriminates against the plaintiff in favor of a citizen of Idaho contrary to the Fourteenth Amendment to the U. S. Constitution, and denies the equal protection of the laws.

In the trial court, appellant urged that the statute in question was unconstitutional on an additional ground: That it violates the commerce clause of the Federal Constitution, Const. art. 1, § 8, cl. 3.

Appellant concedes that this last question is disposed of in the case of Meyers v. Matthews, 270 Wis. 453, 71 N.W.2d 368, appeal dismissed Holman v. Matthews, 350 U.S. 927, 76 S.Ct. 303, 100 L.Ed. 811.

Idaho statutes involved are:
I.C. § 26–2201:

"Collection agency permits.—No person, firm, co-partnership, company, association or corporation shall for compensation conduct a collection agency, collection bureau or collection office in this state, or engage, either directly or indirectly, in this state in the business of collecting or receiving payment for others of any account, bill, claim or other indebtedness, or solicit or advertise for the right to collect or receive payment for another of any account, bill, claim or other indebtedness, or sell or otherwise distribute any system or systems of collection letters and similar printed matter where the name of any person, firm, co-partnership, company, association or corporation other than the particular creditor to whom the debt is owed appears or indicates, directly or indirectly, that a third party may be involved in effecting any collection, without complying with the terms of this chapter and obtaining a permit from the commissioner of finance."

I.C. § 26–2209:

"Agent defined.—Any person who is compensated, on a commission or salary or both, by any company, firm or person required by this chapter to obtain and hold a permit shall be deemed an agent for the purpose of this chapter, provided, that this shall not be deemed to include persons engaged solely in clerical work, nor shall this include the owner, regularly employed officer of a corporation or association, or member of a firm holding a permit under this chapter."

I.C. § 26–2210:

"License to act as agent—Application—Examination or hearing—Form of license—Fee.—(a) No person shall act as an agent of any firm, company or person holding a permit under this chapter without first obtaining a license so to do. * * *"

I.C. § 26–2211:

"Refusal, denial or revocation of license—Grounds.—A license shall be refused and, after notice and hearing, be denied, revoked or the renewal thereof refused by the commissioner if he finds that the holder of or the applicant for such license:

* * * * *

"(g) Is not a bona fide resident of this state."

Appellant admits in his brief that Hankins, whether private contractor or agent, is to be deemed an agent under I.C. § 26–2209.

The power of the state to regulate a lawful calling is summed up in 5 Cal.Jur., Constitutional Law, sec. 134, pp. 735–736:

"There is no doubt that the right to pursue a lawful profession or employment is a valuable property right * * *. It must, of course, be constantly borne in mind that the exercise of the right to engage in a lawful occupation, like every other right of per-son or property, may be regulated by law. * * * the right of the state to regulate harmless vocations is found in the police power * * *."

and in 11 Cal.Jur.2d, Constitutional Law, sec. 168, p. 561:

"* * * The right of any person to engage in business or to pursue any lawful calling is * * * subject to reasonable regulation in the aid of public safety, health, morals, and welfare. While the right to engage in a lawful and useful occupation cannot be taken away under the guise of regulation, nevertheless such occupations may be subjected to regulation in the public interest, even though the regulation involves in some degree a limitation upon the exercise of the right regulated."

It is stated in 33 Am.Jur., Licenses, sec. 17, pp. 336–337:

"It is well settled that the state under its police power has the right to regulate any business, occupation, trade, or calling in order to protect the public health, morals, and welfare, subject to the restrictions of reasonable classification. This power to regulate includes the power to license; and it is the settled general rule that to protect the health, morals, and welfare of the public a state can license an occupation, trade, or calling. * * * li-

censes may be imposed \* \* \* in order to so control those [occupations] that are useful that their operation may be harmless and that they may really subserve the public good. The right of personal liberty and the right to earn a livelihood in any lawful calling and to pursue any lawful trade or vocation is subject to the governmental right to license such trade or occupation where justified under the police power. \* \* \* "

See also 16 C.J.S., Constitutional Law, § 188, pp. 925–934, and 11 Am.Jur., Constitutional Law, sec. 267, pp. 1006–1009.

The contentions of appellant that the residence requirement of I.C. § 26–2211 violates Article 1, section 13 of the Idaho Constitution; that it violates the privileges and immunities clause of the Fourteenth Amendment; and that the statute discriminates against citizens of other states in violation of the Fourteenth Amendment, are not upheld in the cases of LaTourette v. McMaster, 248 U.S. 465, 39 S.Ct. 160, 63 L.Ed. 362, and State v. Finney, 65 Idaho 630, 150 P.2d 130.

The LaTourette case [248 U.S. 465, 39 S.Ct. 161], wherein the Supreme Court of the United States upheld a similar state residence requirement for insurance brokers, states:

"This contention, that is, that the act discriminates against citizens of other states and thereby offends the Constitution of the United States, is LaTourette's ultimate reliance, and to it his counsel devote their entire argument. The state replies its power over insurance and that the legislation it justifies extends to its agents and is best executed when they are residents of the state. This view we have sustained, and manifestly to declare the legislation illegal is to put a restraint upon a power that has practical justifications.

"The illegality of the act is, however, earnestly urged and that it is a 'trade regulation' and recognizes 'the business, trade or occupation of an insurance broker as proper and legitimate,' and yet denies to LaTourette, a citizen of New York, the right to engage in it and thereby abridges the privileges and immunities that he has as a citizen. The contention is expressed and illustrated in a number of ways, and the privilege of a citizen is defined to be 'the right to pursue and obtain happiness and safety' and 'to pursue any lawful business or vocation, in any manner not inconsistent with the equal rights of others,' and that whatever rights a state grants to its own citizens are the measure within its jurisdiction of the rights of the citizens of other states, and for these

propositions the Slaughter-House Cases, 16 Wall. 36, 21 L.Ed. 394, and Butchers' Union [S. H. & L. S. L. Co.] v. Crescent City [L. S. L. and S. H. Co.], 111 U.S. 746, 4 S.Ct. 652, 28 L.Ed. 585, are cited. Other cases are also cited in illustration. We do not dispute the propositions, and to see if they determine against the act under review we must turn to its words, as did the Supreme Court of the state, whose interpretation of them we must accept. It said, speaking by Mr. Justice Hydrick: 'A citizen of any state of the Union who it a resident of this state and has been a licensed insurance agent of this state for at least two years may obtain a broker's license; on the other hand, a citizen of this state, who is not a resident of the state and has not been a licensed insurance agent of this state for two years, may not be licensed. No discrimination is made on account of citizenship. It rests alone on residence in the state and experience in the business.' And the court further said: 'Citizenship and residence are not the same thing, nor does one include the other. Cummings v. Wingo, 31 S.C. 427, 435, 10 S.E. 107, and authorities cited. But our conclusion is not rested upon the mere use of the word "residents;" for no doubt it might appear from the purpose and scope of an act that "residents" was used in the sense of "citizens." If so, the court would so construe it; and in no event would the court sanction an evasion of the purpose and intent of this wise and wholesome provision of the Constitution based on mere verbiage. But there is nothing in the act to suggest any such intention. On the contrary, the words "residents" and "citizens" are both used, and each apparently in its ordinary legal sense, which is well defined and understood, making a distinction which is substantial in its purpose and one that is sanctioned by the highest judicial authority.'

"The court thus distinguishes between citizens and residents and decides that it is the purpose of the statute to do so and, by doing so, it avoids discrimination. In other words, it is the effect of the statute that its requirement applies as well to citizens of the state of South Carolina as to citizens of other states, residence and citizenship being different things."

The decision in this case is controlling insofar as the Federal Constitution is concerned, and the federal case announces the general principle of the Idaho Constitution. See also State v. Stevens, 78 N.H. 268, 99 A. 723, L.R.A.1917C, 528.

Idaho has cast some clarification on use of police power. In the case of State v.

Finney, 65 Idaho 630, 150 P.2d 130, 132, this court stated:

"The due process and equal protection provisions of these [U. S. and Idaho] Constitutions are not intended to interfere with the power of the State in the exercise of the police powers to prescribe regulations for the protection and promotion of the welfare of the people. It is only subject to the qualification that the measure adopted for the purpose of regulating the exercise of the rights of liberty and the use and enjoyment of property must be designed to effect some public object which the government may legally accomplish, and it must be reasonable and have some direct, real and substantial relation to the public object sought to be accomplished. * * *"

The state legislature has determined the qualifications for an agent, and that of "residence" comes within its province. This requirement is a proper regulation under the police power of the State of Idaho, as exercised by the legislature, and does not violate the Constitution of the United States or the Constitution of the State of Idaho.

Under the above decisions, the judgment of the trial court is hereby affirmed.

Costs to respondent.

KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.