315 P.2d 529

STATE of Idaho, Plaintiff-Respondent,

v.

Vernon B. FINCH, Defendant-Appellant.

Matter of the Permit of Vernon B. FINCH, DBA Clearwater Dredging Company, to Conduct a Dredge Mining Operation on the Crooked River in Idaho County, Idaho.

No. 8505.

Supreme Court of Idaho.

Sept. 10, 1957.

Rehearing Denied Sept. 30, 1957.

Anderson, Kaufman & Anderson, Boise, for appellant.

Graydon W. Smith, Atty. Gen., Edward J. Aschenbrener, Elbert E. Gass, Asst. Attys. Gen., for respondent.

McQUADE, Justice.

On January 14, 1956, one Frank Roberts, a citizen of Idaho, filed with the Board of Land Commissioners of the State of Idaho an application and petition charging the violation of the Idaho Dredge Mining Protection Act, I.C. § 47–1315, by one Vernon B. Finch, doing business as Clearwater Dredging Company, and praying that the Board revoke the dredge mining permit previously issued to the said Vernon B. Finch.

Pursuant to such petition, the Land Board noticed this matter for hearing before Arthur Wilson, State Land Commissioner of the State of Idaho, whom the Board had designated as hearing officer. In due time, and pursuant to the notice of hearing, the hearing was held. The hearing officer made findings of fact and conclusions of law, and an order, on August 6, 1956, which instruments were approved by the Board on the same day, and filed the following day.

. The order terminated and revoked the dredge mining permit No. 3, which authorized Vernon B. Finch, doing business as Clearwater Dredging Company, to conduct a dredge mining operation on and near Crooked River in Idaho County, Idaho. An appeal was taken to this Court from the order pursuant to the provisions of I.C. § 47–1320, which provides for a direct appeal from any order of the Board terminating a permit or forfeiting bond, by the person adversely affected, to the Supreme Court of the State of Idaho.

In appellant's brief there are 19 specifications of error. The specifications of error which will be treated here are:

"The Act violates Article 2 of the Constitution of Idaho in that it vests judicial functions in the executive department of government.

"The Act violates Article 5, section 9, of the Idaho Constitution in that it provides original jurisdiction in such court on appeal from the State Board of Land Commissioners in violation of such constitutional provision.

"The Act violates Article 5, section 13, of the Idaho Constitution in that it deprives the judicial department of power and jurisdiction which rightly pertain to it as a coordinate department of government.

"The Act violates the provisions of Article 5, section 2, of the Idaho Constitution in that it attempts to make a court of the State Board of Land Commissioners

"The Act violates the due process clause of Article 1, section 13, of the Idaho Constitution in that it attempts to deprive the plaintiff of the use and enjoyment of his property without due process of law."

■ The Idaho Dredge Mining Protection Act was an initiative proposal, approved by the people of the State of Idaho by majority vote at the 1954 general election. Initiative legislation is of the same force and effect as that enacted by both houses of the legislature and approved by the governor, and must not violate any constitutional provision of the United States or of the State of Idaho. Luker v. Curtis, 64 Idaho 703, 136 P.2d 978.

Under Article 2, section 1, of the Constitution of the State of Idaho, the powers of the government are divided into three distinct departments, with a specific provision that no person or collection of persons charged with the exercise of powers belonging to one of these departments should exercise any of the powers belonging to any other department except as is provided in the constitution. In the Idaho Dredge Mining Protection Act, there are provisions for a hearing of any violation of its terms by the Board of Land Commissioners or the hearing officer, and that the Board of Land Commissioners or the hearing officer may make findings of fact, rulings of law, and orders on issues involving violations of the Act. The Act then provides for a direct appeal to the Supreme Court of the State of Idaho, which was done in this case.

■ There can be the creation of a board by legislation with authority to issue licenses, the issuing of such licenses to come under the police power of the state, which is properly a legislative function to determine if a pursuit or occupation should be regulated, and if so, under what rules.

Pursuant to the issuing of a permit, the legislature may also vest in some executive board or agency the power to investigate and determine if the permittee is violating any rule or statutory provision pertaining to the regulation of such business or industry for which the permit was issued. Hankins v. Spaulding, 78 Idaho 533, 307 P.2d 222; 11 Cal.Jur.2d, Constitutional Law, sec. 168, p. 561.

■ It is also within the power of the legislature to authorize the board or agent to revoke a permit for violations of statutes or regulations. Electors of Big Butte Area v. State Board of Education, 78 Idaho 602, 308 P.2d 225, 229. However, these actions must be reviewable by courts of law, inasmuch as they affect property rights. Electors of Big Butte v. State Board of Education, supra.

Appellant herein. is the owner of a placer mining claim, which is defined by statute as real property. In addition to the appellant's having a property right by way of the placer claim, he also had acquired a proper-

ty right in the water of Crooked River by appropriation. I.C. § 55–101 provides:

"Real property or real estate consists of:

"1. Lands, possessory rights to land, ditch and water rights, and mining claims, both lode and placer. * * *."

In Electors of Big Butte v. State Board of Education, supra, this Court quoted in approval from Drummey v. State Board.of Funeral Directors, 13 Cal.2d 75, 87 P.2d 848:

"* * * 'If it should be held that the board's action in cancelling or suspending an existing license is binding on the courts, if such action is predicated on conflicting evidence, we would be necessarily holding that such board is exercising at ·least quasi-judicial powers. It is the essence of judicial action that finality is given to findings based on conflicting evidence. If the statute be so construed it would violate the state Constitution. * * *' "

■ The authority of the district courts is found in Article 5, section 20, of the Idaho Constitution, which is as follows:

"The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law."

Under Article 5, section 2, of the constitution, the judicial power is settled in specially designated courts. Judicial power cannot be conferred upon any agency of the executive department, in the absence of constitutional authority, where the constitution has specifically provided for the creation of a judicial system. Electors of Big Butte Area v. State Board of Education, 78 Idaho 602, 308 P.2d 225, 230. This Court in the Big Butte case quoted Laisne v. State Board of Optometry, 19 Cal.2d 831, 123 P.2d 457, as follows:

"* * * 'Therefore, if a body other than one of the enumerated courts makes findings of fact, on those findings determines that the provisions of a certain statute have been violated, and issues an order or renders a judgment which has the effect of depriving a person of a valuable property right, such action denies the aggrieved party the due process of law guaranteed to him by the state and federal Constitutions, unless such action by such body may be questioned in a court of law. It should always be kept in mind that the evil of administrative action which must be guarded against is not the fact-finding power, but the conclusiveness of the fact-finding power coupled with the order based on the findings made which would deprive a person of a property right. Such is the full exercise of judicial power, and such power in this state can be exercised only by one of the enumerated courts. * * *' "

In discussing similar constitutional provisions pertaining to the courts and the vesting of judicial power in administrative agencies, and in disposing of the right of due process, the Supreme Court of the United States, in St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, at page 52, 56 S.Ct. 720, at page 726, 80 L.Ed. 1033, at pages 1041–1042, stated:

"* * * Legislative agencies, with varying qualifications, work in a field peculiarly exposed to political demands. Some may be expert and impartial, others subservient. It is not difficult for them to observe the requirements of law in giving a hearing and receiving evidence. But to say that their findings of fact may be made conclusive where constitutional rights of liberty and property are involved, although the evidence clearly establishes that the findings are wrong and constitutional rights have been invaded, is to place those rights at the mercy of administrative officials and seriously to impair the security inherent in our judicial safeguards. That prospect, with our multiplication of administrative agencies, is not one to be lightly regarded. It is said that we can retain judicial authority to examine the weight of evidence when the question concerns the right of personal liberty. But, if this be so, it is not because we are privileged to perform our judicial duty in that case and for reasons of convenience to disregard it in others. The principle applies when rights either of person or of property are protected by constitutional restrictions. Under our system there is no warrant for the view that the judicial power of a competent court can be circumscribed by any legislative arrangement designed to give effect to administrative action going beyond the limits of constitutional authority. * * *"

The case of St. Joseph Stock Yards Co. v. United States was cited and followed in Drummey v. State Board of Funeral Directors, 13 Cal.2d 75, 87 P.2d 848; Laisne v. State Board of Optometry, 19 Cal.2d 831, 123 P.2d 457, and Electors of Big Butte Area v. State Board of Education, 78 Idaho 602, 308 P.2d 225.

Under the Idaho Constitution, Article 5, section 9, this Court hears appeals from decisions of courts and judges thereof:

"The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof, and any order of the public utilities commission, and any order of the industrial accident board: the legislature may provide conditions of appeal, scope of appeal, and procedure on appeal from orders of the public utilities commission and of the industrial accident board. On appeal from orders of the industrial accident board the court shall be limited to a

review of questions of law. The Supreme Court shall also have original jurisdiction to issue writs of mandamus, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to complete exercise of its appellate jurisdiction."

That provision of the Idaho Dredge Mining Protection Act, I.C. § 47-1320, which provides for an appeal from the Board of Land Commissioners directly to this Court, is unconstitutional and void as being an attempt to evade judicial processes by legislation.

Although this case is before the Court on appeal, and it has been concluded that no right of appeal exists from the Board to this Court, nevertheless for a proper and orderly disposition of the problem herein presented, the case will be considered as being before the Court on certiorari.

Idaho Constitution Article 5, section 13, provides a mandatory duty for the legislature to afford a proper system of appeals to all courts below the Supreme Court.

The part of the Act providing for an appeal to this Court being unconstitutional, leaves the Act without provision for due process. Because the provision which provides for an appeal directly to this Court does not in and of itself appear to be an integral or indispensable part of the Act, it may be stricken therefrom without

affecting the balance of the Act. Idaho Mutual Benefit Ass'n v. Robison, 65 Idaho 793, 154 P.2d 156, 161.

It is the duty of the legislature to provide for a proper system of appeals; and this Court cannot do so, as such attempt would invade the legislative field. Therefore, there being no valid provision for appeal from the order of the Board of Land Commissioners, and there being no other protection for the property right of the appellant herein, and the character of the duties and orders of the Board of Land Commissioners and its duly designated hearing agent being judicial in nature, the appellant under the Act is without remedy to protect his constitutional right.

For the purpose of preserving property rights, this Court said in Idaho Mutual Benefit Ass'n v. Robison, supra:

"* * * While the authorities are not unanimous, we believe the better rule is to the effect that in connection with hearings before administrative boards of this kind unless an appeal is provided therefrom to a court, even though the scope of review be limited, due process is not satisfied. Zachos v. Huiet, 195 Ga. 780, 25 S.E.2d 806; Precision Castings Co. v. Boland, supra [D.C., 13 F.Supp. 877, 2 Cir., 85 F.2d 15]; Warren v. Indiana Telephone Co., 217 Ind. 93, 26 N.E.2d 399; Miller v. Price, 282 Ky. 611, 139 S.W.2d

450; Union Indemnity Co. v. Saling, 166 Okl. 133, 26 P.2d 217. * * *" The order of the Board is therefore a nullity; and it being void, it is hereby reversed.

No costs allowed.

KEETON, C. J., and PORTER and SMITH, JJ., concur.

TAYLOR, Justice.

I concur except as to the inference that the legislature cannot in any case provide for a direct appeal to this court from a board or officer not mentioned in Art. 5, § 9, of our constitution. My views on this proposition are expressed in my dissent in Petition of Idaho State Federation of Labor, 75 Idaho 367, 272 P.2d 707. I concur here because a direct appeal to this court in a case such as this does not afford due process. Where constitutionally protected rights of person or property are dependent upon a judicial review of findings of fact made by an administrative tribunal, that review must be had in a court having the facilities as well as the authority to re-examine the facts and make its own findings, when necessary to the preservation of such rights. That kind of review cannot be had here. This is not a trial court.

Were this court to entertain the cause as an appeal and upon examination of the evidence disagree with the findings of the board, it could remand the cause only to the board for further proceedings. Thus the character of judicial finality would be given to the ultimate findings of the board. In this manner the administrative tribunal would be clothed with judicial power in violation of the constitution, and constitutional rights might be denied without due process. Electors of Big Butte Area v. State Board of Education, 78 Idaho 602, 308 P.2d 225.