## EX PARTE THOMAS J. COFFEE.

### No. 2698. Decided December 10, 1913.

**1.—Contempt—County Attorney—Affidavits—Practice.**

Where, upon habeas corpus proceeding asking release from a judgment for contempt in the County Court, which matters were presented to this court by an approved statement of facts, there may be some question as to whether certain affidavits in connection with said proceedings should be considered, but the question is not passed upon.

**2.—Same—Jurisdiction—Contempt Proceedings—Judgment.**

Three things must concur in order to authorize the court to fine for contempt; first, jurisdiction of the subject matter; second, jurisdiction of the person; and, third, the authority of the court to render a judgment upon the facts adduced, and if no judgment would be justified, the same must be set aside under a habeas corpus, and this court can go behind the judgment to ascertain these facts. Following Ex parte Degener, 30 Texas Crim. App., 566.

**3.—Same—Case Stated—No Cause to Fine for Contempt.**

Where the cause of contempt was that the county attorney declined to appear for the State because the court permitted a private citizen to appear and defend a criminal case, and it was not shown that the court required him to do so, but fined him for contempt simply because he declined to appear and represent the State, whereupon, the court appointed another attorney to do so, this did not justify the court in fining the county attorney for contempt.

From Mitchell County.

Original habeas corpus proceeding asking release from a judgment of the County Court finding relator guilty of contempt and assessing a fine of $10.

The opinion states the case.

*Thos. J. Coffee,* in person, for relator.—On question of court's power to fine for contempt: Ex parte Kearby, 34 S. W. Rep., 962; Ex parte Duncan, 62 S. W. Rep., 758; Ex parte Lake, 40 S. W. Rep., 727.

*C. E. Lane,* Assistant Attorney-General, and *Lightfoot, Brady & Robertson,* for the State.

DAVIDSON, JUDGE.—Applicant is county attorney of Mitchell

County, and was fined for contempt in the sum of ten dollars by the county judge. The judgment of the court is as follows: "On this the 21st day of July, 1913, when cause No. 1604, the State of Texas v. Andrew McGehee, was called for trial, J. N. McGehee, father of the said Andrew McGehee, addressed the court and asked permission to appear as counsel for his son, the said Andrew McGehee. . Premises considered, the court granted the said J. N. McGehee the privilege of representing his son, the said Andrew McGehee, being then and there a minor, and charged by indictment for a misdemeanor, against the peace and dignity of the State.

"Whereupon, the county attorney, Thomas J. Coffee, arose and addressed the court, stating that if the court permitted the said J. N. McGehee to appear in behalf of his son, the said Andrew McGehee, who was a minor, being only eighteen years of age, that he, the said Thomas J. Coffee, county attorney, would not appear as counsel for the State of Texas; whereupon the court asked the said Thomas J. Coffee, county attorney, if it was only from the fact that the court had given said J. N. McGehee, the father of said Andrew McGehee, permission to appear for his son, the said Andrew McGehee, that caused him to withdraw from the prosecution of said cause, the said Thomas. J. Coffee, county attorney, answered in the affirmative and started to absent himself from the court room, the court then and there being in session, and for the said conduct of the said Thomas J. Coffee, county attorney, A. J. Coe, county judge of Mitchell County, holds and is of the opinion that the said Thomas J. Coffee, county attorney, is guilty of contempt of said court, and should be fined in the sum of ten dollars.

"It is therefore adjudged and decreed by the court that the defendant is guilty of contempt of court and a fine of $10 is assessed against defendant, Thomas J. Coffee," and then follows the usual recitals in the judgment of the court. And it was further ordered that he be ordered into the custody of the sheriff to be held by him until the fine was paid and in default of payment the sheriff was ordered to place defendant in the county jail of Mitchell County until it was paid. There is also an approved statement of facts filed by the county judge as follows:

"Be it remembered that on the 21st day of July, 1913, the case of The State of Texas vs. Andrew McGehee, No. 1604, pending in the County Court of Mitchell County, Texas, was regularly called for trial, and J. N. McGehee, father of the defendant, Andrew McGehee, asked permission of the court to appear as counsel for his son, the defendant, after the State had announced ready for trial, and said McGehee had also announced ready for his son, the said defendant, and the said Andrew McGehee being a minor, 18 years of age, the court granted the said J. N. McGehee the privilege of acting as counsel for and in behalf of his said son, the defendant, Andrew McGehee. The jury had been challenged for cause and peremptorily, but jury had not been sworn to try the case, when thereupon the county attorney, Thos. J. Coffee, stated to the court, that if the court permitted the said J. N. McGehee to represent the de-

fendant, his son, that he, Coffee, would not represent the State of Texas. The court then asked the said county attorney, Thos. J. Coffee, if it was for that reason (referring to the statement of said Coffee, above given); and the said Coffee stated it was that fact alone (J. N. McGehee was not a lawyer, and no license had been issued him to practice law).

· "Thereupon the court had the clerk to enter up a fine of $10 against said Coffee for contempt of court, after which the said Coffee absented himself from the courtroom."

There are also some matters made to appear by affidavits to the effect that the court then took a recess, this being in the morning, until after the noon hour, when another attorney was appointed to represent and did represent the State. It is little doubtful as to whether we should consider these affidavits in the attitude in which the case is presented. If the evidence had been presented only upon affidavits there would be less room for doubt upon this question, but where the judge has adjudicated the matter, and followed by an approved statement of facts in relation to it, there may be some question as to whether the affidavits in this connection should be considered, but it is not deemed essential, in the manner in which this case is presented, to pass upon that question. We have an unbroken line of authorities since the Degener case, 30 Texas Crim. App., 566, to the effect that three things must occur in order to authorize the court to fine for contempt: first, jurisdiction of the subject matter; second, jurisdiction of the person, and, third, the authority of the court to render a judgment upon the facts adduced. In other words, that having jurisdiction of the person and subject matter, there must be authority in the court to render a judgment upon the facts which form the basis or predicate for the judgment, and if no judgment would be justified under the given state of facts, then the judgment would be void and subject to be set aside under habeas corpus; and the rule is further laid down that we can go behind the judgment of the court to ascertain these facts. In the instant case the applicant was the county attorney, and it seems from the statement of facts and adjudication of the court that he refused to appear in this case because J. N. McGehee was not a lawyer, and, therefore, not authorized to appear in court and represent his son or practice law. It is deemed unnecessary to discuss the right of the elder McGehee to appear in behalf of his son, and the relation to this case of this matter.

The question here is as to whether or not appellant refusing to appear as counsel in the case would subject himself to contempt. From the adjudication of the court and from the facts approved by him, quoted above, the offense of the county attorney was that, inasmuch as the court permitted a private citizen to appear in court and defend a criminal case, he, as county attorney, would decline to appear and represent the State, and for this reason *only* the court states he did not appear and for this reason *only* he placed him in contempt. It will be noticed when he notified the court that he declined to appear under the circumstances and dissolved his connection with the case, the court fined

him. The court did not order or require applicant to proceed, but if we go to the affidavits above referred to, then we find that he adjourned court and subsequently appointed another attorney, which the judge was authorized to do on account of the absence of the county attorney, at the time of .reconvening the court. The appointed counsel seems to have conducted the trial of the case. The simple fact that a lawyer states he severs his connection with a case in the presence of the court would not, in our judgment, in and of itself form a basis of contempt punishment. There must be something more. If the court had ordered him to proceed and he had disobeyed the order, we would have a different proposition. There may be reasons why an attorney may under some circumstances sever his connection with a case, and in which he would not only be justified, but the ethics of his profession, as well as the law, may demand or authorize such action. We are of the opinion, therefore, that the mere act of stating he severed his connection with the case would not be sufficient to justify the court in placing the attorney in contempt. We are of opinion the county attorney was not in contempt of court in stating that he severed his connection with the case under the circumstances. We therefore hold that the contempt punishment was not justified, and relator is ordered discharged.

*Relator discharged.*