## EX PARTE DAISIE LEMOND, Petitioner.

### In Banc, December 6, 1922.

1. **CONTEMPT: Custody of Child: Insufficient Order.** Disobedience to an order by one to whom it is not addressed is not contempt of court and a party cannot be punished for failing to do something not specified in the order; and where in a divorce proceeding an order was entered awarding the custody of a minor child to a certain board, without naming the child's mother or directing her to do anything, a subsequent order committing her to jail for contempt of court in failing to obey said order was unlawful.

2. ————: ————: ————: **No Service.** Where there was no copy of the order awarding the custody of her minor child served upon the mother and her obedience thereto required, she cannot be adjudged to have neglected or refused to comply with the order, or adjudged to be in contempt for failure to obey it.

3. ———: **Jurisdiction: No Order.** It is essential to the power of a
court to punish for contempt that it have jurisdiction both of the
subject-matter and the person to be punished, as well as au-
thority to render a judgment on the facts adduced; and where
the court made an order simply awarding the custody of a minor
child to a certain board, without naming the child's mother or
directing her to deliver the child to the board or to do anything
in connection therewith, and no copy of said order was served
upon her, the court had no jurisdiction to punish her for con-
tempt for failing to obey said order.

## Habeas Corpus.

PETITIONER DISCHARGED.

*Coffman & Jackson* and *Lorts & Breuer* for peti-
tioner.

(1)   Under our statute "every court of record shall
have power to punish as for criminal contempt persons
guilty of . . . willful disobedience of any process
or order lawfully issued or made by it, or for resistance
wilfully offered by any person, to the lawful order or
process of the court." Sec. 2359, R. S. 1919. There was
no disobedience of process or order of the court in this
case. Therefore, no contempt committed. The order
of the court merely awarded the custody of petitioner's
child, but no order was contained therein to petitioner
concerning said child. Neither did she resist any proc-
ess or order of the court. Under the common law, con-
tempt of court is defined to be "disobedience to the court
by acting in opposition to the authority, justice and dig-
nity thereof." 13 C. J. 4. Before a person can be guilty
of contempt for the violation of a judgment or order of
court, that "order must be so clear that it will reason-
ably appear that it has been violated. And such person
cannot be convicted for failure to do something not
specified in the order." 13 C. J. 15. To adjudge pe-
titioner guilty of contempt in this case would certainly
be to convict her for failure to do something not speci-

fied in the order, i. e., failure to deliver child to the Board of Children's Guardians, when she had not been commanded or directed to do so by the judgment and order of the court. (2) Our statute provides that "when any judgment requires the performance of any act other than the payment of money, a certified copy of the judgment may be served upon the party against whom it is given and his obedience thereto required, and that if he neglects or refuses, he may be punished by the court as for a contempt." Sec. 1553, R. S. 1919. There was a failure of compliance with this provision of our statute. No certified copy of the judgment was served upon her or other notice given, that she was expected to deliver her child to the Board of Children's Guardians. (3) Our statute on commitment for contempt by courts of record, provided that "whenever any person shall be committed for any contempt specified in this chapter, the particular circumstances of his offense shall be set forth in the order or warrant of commitment." Sec. 2362, R. S. 1919. The order or warrant of commitment in this case fails to measure up to the demands of the statute. Ex parte Creacy, 243 Mo. 679, 702; In re Shull, 221 Mo. 623. (4) Where the judgment of the court is beyond jurisdictional facts shown by the pleadings, it acts in excess of its jurisdiction. State ex rel. Priest v. Calhoun, 207 Mo. App. 149.

*Henry S. Caulfield* and *Oliver Senti* for respondent.

(1) That courts may, in their discretion, award the custody of minor children to persons other than the parents has long been the law in this State. In re Blackburn, 41 Mo. App. 622. In determining to whom the custody of a child shall be awarded when the parents are divorced, the court should be governed by the welfare of the child. West v. West, 94 Mo. App. 683; In re Steele, 107 Mo. App. 567; Meredith v. Krauthoff, 191 Mo. App. 165. (2) The respondent's return shows that prior to the hearing in the divorce suit due service therein was

had on the petitioner, and the first paragraph of her denial to the return shows that she remained away from court under a collusive agreement with her husband, so that he might obtain a divorce. Under the circumstances the petitioner should not be heard to complain that she had no knowledge or notice of the decree of which the order as to the custody of the child was a part. (3) The respondent's return shows that the order which the court was seeking to enforce was duly entered as a part of the decree in a divorce suit, to which the petitioner was a party, duly served with process, and this averment in the respondent's return is not denied. The statute (Sec. 1806, R. S. 1919) authorized the court to make the order touching the custody of the child, from which it follows that the court must have had jurisdiction to at least ascertain or determine whether the prisoner had done anything to hinder or prevent the execution of this order and decree. Even if petitioner's contention that she had done nothing to warrant her punishment for contempt were true, the court, having acquired jurisdiction of the parties and being empowered by statute to make the order as to the custody of the child, it had inherent power at least to hear testimony and determine whether or not the petitioner had violated its order or hindered its execution. Without such authority, it would be futile to empower the court to make any order. (4) The second averment is that the circuit court's order to show cause did not contain facts sufficient to authorize the issuance of an attachment against her for contempt of court. That issue is one which cannot properly be raised by answer or denial, but should be taken advantage of by demurrer to the respondent's return, and having answered, the demurrer is waived. (5) Another averment is that she was not served with a certified copy of the decree as prescribed by Section 1553, Revised Statutes 1919, which provides that "when a judgment requires the performance of any act other than the payment of money, a

certified copy of the judgment may b<span>e</span> served upon the party against whom·it is given and his obedience thereto required, and that if he neglect or refuse, he may be punished by the court as for a contempt," etc. The stat- ute is merely declaratory of the common law and confers no new power on the courts. It is the well-settled law of both England and America that the Legislature has no power to take away, abridge, impair, limit or regulate the power of courts of record to punish for contempt. State ex inf. v. Shepherd, 177 Mo. 205, 235.

ELDER, J.—Daisie LeMond, petitioner, has sued out of this court a writ of *habeas corpus* seeking her discharge from imprisonment in the·city jail of the city of St. Louis, where she claims to be unlawfully im- prisoned at the order of Honorable John W. Calhoun, Judge of the Circuit Court of the City of·St. Louis, Di- vision No. 16. The writ was directed to Charles E. Mohrstadt, Sheriff of the City of St. Louis, who has made return thereto. Pending a determination of the cause by this court, petitioner has been released upon bond.

The facts can best be gathered from the petition, which, after reciting that petitioner is unlawfully de- prived of her liberty by order of the above mentioned judge, alleges as follows:

"That heretofore, to-wit, on the —— day of March, 1922, Herbert O. LeMond, the husband of your peti- tioner, filed his suit in the Circuit Court of the City of St. Louis against your petitioner, charging her with gen- eral indignities and praying a divorce and the custody of their minor child, Genevieve LeMond, an infant about six years of age. That your petitioner made default to said petition; that the same was assigned to Division 16 of the Circuit Court of the City of St. Louis, presided over by said Hon. John W. Calhoun as judge; that said petition was heard in due course, and thereupon said judge made and entered a decree on the fourth day of

May, 1922, whereby he granted said Herbert O. LeMond a divorce from your petitioner and purporting to award said Genevieve LeMond, the infant child of your petitioner, to the Board of Children's Guardians of the city of St. Louis, Missouri. That your petitioner was not advised of said feature of said decree; that no certified copy thereof was ever served upon her as required by Section 1553, Revised Statutes 1919; that no copy of order of any kind was ever served upon her, nor was she ever in default, nor is she now in default of any order ever made upon her which she was able to obey. That said Genevieve LeMond was and remains in the custody of her grandparents in Mount Vernon, Illinois; that said grandparents withhold and retain the custody of said infant child from the petitioner and against all the world, and that your petitioner was and remains wholly without power to take said child from the custody of her grandparents and to bring her into the State of Missouri for any purpose. That after the making of said decree and on the seventeenth day of May, 1922, said court issued its order of attachment against the person of your petitioner ordering her to show cause why she should not be cited for contempt in failing to deliver the custody of said child to the Board of Children's Guardians of the city of St. Louis.

"That your petitioner made return to said order setting forth the facts aforesaid and duly supported the same by her affidavit; nevertheless, on May 26, 1922, said John W. Calhoun, presiding as judge of said circuit court, announced orally from the bench that your petitioner was in contempt of court in failing to deliver the custody of said child to said Board of Children's Guardians, and that she should be fined $50 for such contempt and confined in the city jail for the period of ten days, hence next ensuing. That thereupon said Judge Calhoun ordered said Charles E. Mohrstadt, sheriff, to seize the person of your petitioner and to confine her in said city jail and that said Mohrstadt now unlawfully deprives

your petitioner of her liberty by imprisonment in said city jail in pursuance of said order.

"Your petitioner says that said imprisonment is illegal in this, to-wit:

"That she has not wilfully disobeyed any process or order issued or made by said court lawfully. That said decree of divorce did not order or direct her to deliver the custody of said child unto the Board of Children's Guardians, but merely awarded or purported to award said custody to said board; that your petitioner is not advised and never was advised of the identity of the persons comprising said board or their location; that a certified copy of said decree was never served upon your petitioner as provided by Section 1553, Revised Statutes 1919; and further that your petitioner was and remains wholly without power to comply with said order as if the same had never been made."

The return of respondent Mohrstadt sets up that petitioner was served with a copy of the writ and petition in the divorce action, but failed to plead thereto and made default; that a divorce was granted plaintiff Herbert O. LeMond, and the custody of the minor child, Genevieve LeMond, was awarded to the Board of Children's Guardians of the city of St. Louis; that subsequent to the order of court so awarding the custody of the said child, "For the purpose of preventing the order of the circuit court as to the custody of said minor child from being enforced, said Dāisie LeMond removed said minor child from the jurisdiction of the court and into the State of Illinois; that thereafter, and on the sixteenth day of May, 1922, said Circuit Court of the City of St. Louis, by order of court, duly entered of record, ordered said Daisie LeMond to appear before said court and in Division No. 16 thereof on Friday, May 19, 1922, at two o'clock, p. m., then and there to show cause, if any, why she should not be punished as and for a contempt of court for failing to deliver said minor child to the Board of Children's Guardians of the city of St. Louis."

That thereafter petitioner filed her answer to said order to show cause alleging (1) that the court had no jurisdiction to hear and determine the charges contained in said order; (2) that the order did not state facts sufficient to authorize the issuance of an attachment against petitioner for contempt; (3) that by the decree awarding the custody of the child petitioner was not ordered to deliver custody of the child to the aforesaid board; (4) that a certified copy of the said decree had never been served upon petitioner; (5) that petitioner did not have the custody of the child and had no way of obtaining such custody, and (6) that petitioner had not wilfully disobeyed any process or order lawfully made by the court. The return then recites that upon a hearing of the citation, petitioner was adjudged guilty of contempt and ordered imprisoned and fined as in the petition alleged, pursuant to which order she was being detained by respondent when the writ of *habeas corpus* was granted.

To the return of respondent petitioner filed an answer, which was subsequently withdrawn, whereupon she filed a motion for judgment on the pleadings.

I.  Petitioner contends that as the order awarding the custody of the child contained no order or direction to petitioner, she was not and could not have been guilty of disobedience, and hence was not in contempt; also that a certified copy of the order was not served upon her as required by Section 1553, Revised Statutes 1919. The order awarding custody is as follows:

"It is further ordered, adjudged and decreed by the court, that the care, custody and control of the minor child of the parties hereto, named Genevieve, six years of age, be awarded to the Board of Children's Guardians of the city of St. Louis, Missouri, until the further order of the court, and that the plaintiff pay to said Board of Children's Guardians the sum of $20 per month, until the further order of the court, for the support and main-

295 Mo.—38

tenance of said child, payable on the fourth day of each month, the first payment to be made and to become due and payable forthwith, and that he also pay the costs of this proceeding, and in default of the payment of said costs, or any of the monthly installments awarded as aforesaid for the support of said child, as and when the same become due and payable, execution issue therefor.''

Our statute relating to punishment for contempt (Sec. 2359, R. S. 1919), so far as is pertinent hereto, provides that ''every court of record shall have power to punish as for criminal contempt persons guilty of . . . third, willful disobedience of any process or order lawfully issued or made by it; fourth, resistance willfully offered by any person to the lawful order or process of the court.''

Without passing upon the question of the lawfulness of the order made (which is also challenged by petitioner), and directing our attention to the applicability of the statute in other respects, it will be observed that petitioner, in order to be in contempt, must have been adjudged guilty of either willful disobedience of the order or of willful resistance thereto. By referring to the order it will be noted that the same does not contain any direction to petitioner to deliver custody of the child to the Board of Children's Guardians, but merely awards such custody to the said board. As said in 13 Corpus Juris, page 10, ''disobedience of an order by one to whom it is not addressed is not contempt.'' And as said in the same work, volume 13, page 15, a party cannot be punished for contempt ''for failing to do something not specified in the order.'' Searching the order minutely, the only command found therein is that the care, custody and control of the minor child of the parties to the divorce proceeding be awarded to the Board of Children's Guardians, and that plaintiff (the then husband of petitioner) pay to said board, for the support and maintenance of said child the sum of $20 per month. At no place in the order is petitioner mentioned, nor is she required to do anything.

Moreover, by the petition herein it is alleged that petitioner was "not advised of said feature of said decree" (meaning the order awarding custody of the child), and that no certified copy thereof or copy of order of any kind was ever served upon her. These facts the return does not deny. Therefore, under a motion for judgment on the pleadings, they stand admitted.

By Section 1553, Revised Statutes 1919, it is provided: "When a judgment requires the performance of any other act than the payment of money, a certified copy of the judgment may be served upon the party against whom it is given, and his obedience thereto required. If he neglect or refuse, he may be punished by the court as for a contempt," etc.

Clearly, under the facts before us, there was no service upon petitioner of a certified copy of the order in question. She could not therefore, under the statute, be adjudged to have neglected or refused to comply with the order. Nor could she be said to have wilfully disobeyed or resisted the order, which the pleadings show she was not advised of.

It is argued by learned counsel for respondent, however, relying upon State ex inf. v. Shepherd, 177 Mo. 205, that the Legislature has no power to take away, abridge, impair, limit, or regulate the power of courts of record to punish for contempt, and that therefore Section 1553, Revised Statutes 1919, is not applicable. The contempt considered in the Shepherd Case, supra, was one involving the scandalization and villification of this court by charges made in a newspaper published by defendant. What was there ruled was that courts of record have inherent power, which cannot be abridged by the Legislature, to punish contempt summarily. To this ruling we adhere. Another doctrine which must be borne in mind, however, is that it is essential to the power to punish for contempt, that the court have jurisdiction both of the subject-matter and the person punished, as well as authority to render a judgment on the

facts adduced. [13 C. J. 47; Ex parte Coffee, 72 Tex. Cr. 209; In re Northern, 18 Cal. App. 52.] In Ex parte Coffee, supra, the contempt was that the county attorney declined to appear for the State because the court permitted a private citizen to appear and defend a criminal case. It was not shown that the court required him to appear, but fined him for contempt simply because he declined to represent the State. In holding that there was no contempt, the Court of Criminal Appeals said, 1. c. 212: "If the court had ordered him to proceed and he had disobeyed the order, we would have a different proposition." And so in the instant case, had the court ordered petitioner to deliver custody of the child to the Board of Children's Guardians and she had disobeyed, the sentence and fine imposed might have been justified. Upon the record before us, however, we are disposed to believe that the judgment of commitment is not supported by facts sufficient to authorize the same. The petitioner is therefore discharged. All concur.