(No. 6580. July 19, 1938.)

In the Matter of Contempt Proceedings Against JOSEPH J. LAVIN.

[81 Pac. (2d) 727.]

198

Abe Goff and Jack McQuade, for State Bar Commission.

BUDGE, J.—Defendant Joseph J. Lavin, a practicing attorney, residing at Spokane, Washington, not admitted to practice nor licensed to practice law within the state of Idaho, was charged in this proceeding by a committee of the Idaho State Bar with contempt of the courts of this state in that he was employed as an attorney by Alice Simpson and R. L. Bowen of Kellogg, Idaho, to prosecute their claims in the courts of Idaho for personal injuries received in an automobile accident; that acting upon said claims Lavin performed all services ordinarily rendered in such cases, including filing of civil actions in the District Court of the First Judicial District at Wallace, Idaho; that the name of Robert L. McFarland, an attorney of Sandpoint, Idaho, appeared on the pleadings in each case as one of the attorneys for plaintiffs, but that said Robert McFarland did not sign the complaint, had no part whatever in the prosecution thereof, did not confer with any of the parties, was not informed of any of the proceedings taken and received no part of the fee; that McFarland was not actually associated with Lavin, but that his name was merely borrowed and used as a cloak to cover Lavin's practice of law in Idaho.

A citation and order was issued by this court on April 29, 1938, directing Lavin to appear to show cause why he should not be punished for contempt of court. This order was served on defendant personally at Spokane, Washington, on May 1, 1938, no service however being had in the state of Idaho, and Lavin failed to appear as directed. At the Coeur d'Alene term of this court, on June 14, 1938, the petitioners submitted proof substantiating the allegations of their petition.

While it would appear that service must be made within the state in order to clothe this court with jurisdiction to hear and determine the charge of contempt (*Brown v. Brown*, 96 N. J. Eq. 428, 126 Atl. 36), and that this court must have jurisdiction of the subject matter and person before a judgment may be entered on the charge of contempt (*Ex parte Coffee*, 72 Tex. Crim. 209, 161 S. W. 975; *Ex parte Lemond*, 295 Mo. 586, 245 S. W. 1057; *Ebsary Gypsum Co., Inc., v. Ruby*, 256 N. Y. 406, 176 N. E. 820), the facts do not warrant this court or the Bar Commission dropping the proceeding. The right to practice law is a privilege and the admission or exclusion of persons from the right is a judicial power. (*In re Edwards*, 45 Ida. 676, 266 Pac. 665.)

It is hereby ordered that Joseph J. Lavin be enjoined from appearing or acting as an attorney in any cause or proceeding of any kind or nature before the courts of Idaho, either directly or indirectly, until he purges himself of the charge of contempt and is properly granted permission to appear. This court will retain jurisdiction of the proceedings until such time as the said Lavin can be personally served in this state and purges himself of the charge of contempt.

Holden, C. J., and Ailshie and Givens, JJ., concur.

Morgan, J., deeming himself to be disqualified did not sit with the court at the hearing nor participate in the decision.