637 P.2d 1168

**IDAHO STATE BAR ASSOCIATION, Appellant,**

v.

**IDAHO PUBLIC UTILITIES COMMISSION, Respondent,**

and

**Idaho Citizens Coalition, Intervenor.**

No. 13784.

Supreme Court of Idaho.

Dec. 8, 1981.

Linda L. Holdeman, Boise, for appellant.

David H. Leroy, Atty. Gen., John J. McMahon, and Cynthia S. Rutter, Deputy Attys. Gen., for respondent.

Raymond C. Givens, Coeur d'Alene, for intervenor Idaho Citizens Coalition.

McFADDEN, Justice.

In early 1977, the Idaho Public Utilities Commission (hereinafter Commission), initiated a review of its Rules of Practice and Procedure. After some three years following extensive hearings, comments, and revisions, the Commission issued Order No. 15503 on May 8, 1980, adopting the following rule concerning appearances and representation of parties before the Commission.

"Rule 4.3 *Representation of Parties*

Appearances and representation of parties shall be made as follows:

(a) A party who is a natural person shall be entitled to represent himself or herself or be represented by an attorney.

(b) Non-profit organizations are entitled to be represented by an officer, other duly authorized representative or by an attorney.

(c) Utilities and motor carriers with present or anticipated annual gross income less than $100,000 are entitled to be represented by a partner, officer, duly authorized representative or by an attorney.

(d) All other parties shall appear and be represented by an attorney duly admitted to practice and in good standing in the state of Idaho.

An attorney who is not admitted to practice in the state of Idaho shall not be entitled to appear and represent parties unless such attorney is duly admitted to practice and in good standing before the highest court of any state and is associated with an attorney who is admitted to practice and in good standing in the state of Idaho."

The Idaho State Bar objected in the preliminary stages of this process to the pro-

posed rule concerning representation of parties before the Commission on the ground that it would allow for the unauthorized practice of law in violation of I.C. § 3–104.[1] See also I.C. § 3–420.[2] The Bar now appeals from the adoption of the rule previously set forth, specifically objecting to subsections (b) and (c). The Bar asserts that these subsections of the rule constitute a usurpation of the authority of this court to define and regulate the practice of law.

At the outset, it should be noted that this case does not involve a situation where a person has engaged in activity which is attacked as constituting the practice of law. Rather, the Bar has presented to the court the rule promulgated by the Commission contending that it facially allows for the unauthorized practice of law contrary to the above noted statutes and in derogation of constitutionally granted Supreme Court control over legal practice in the state. *Application of Kaufman,* 69 Idaho 297, 206 P.2d 528 (1949).

■ The position of the Bar, as the appellant in this case, also should not be misunderstood. The Bar is composed of all attorneys regularly admitted to practice in this state, I.C. § 3–405, and is governed by a board of commissioners as established by statute. I.C. § 3–402, *et seq.* The board and operating staff of the Bar have the obligation to supervise, under the Supreme Court's ultimate control, the admission, licensing and disciplining of attorneys and the practice of law in this state. It was recognized some time ago that the Bar and its board of commissioners act in an administrative capacity as an arm of the Supreme Court in carrying out its supervisory function. *See In re Edwards,* 45 Idaho 676, 266 P. 665 (1928). Indeed, in the recent past this court has referred two matters concerning possible unauthorized practice of law to the Bar for investigation and appropriate action. See *Weston v. Gritman Memorial Hospital,* 99 Idaho 717, 587 P.2d 1252 (1978); *White v. Idaho Forest Industries,* 98 Idaho 784, 572 P.2d 887 (1977). The Bar, therefore, acts as a means by which this court controls the practice of law in Idaho and, in the present case, raises to the court for consideration questions regarding the propriety of the adopted rule of the Public Utilities Commission.

The judicial power of this state is vested in this court. Article 5, § 2 of the Idaho Constitution provides:

"Judicial power—Where vested.—The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. The courts shall constitute a unified and integrated judicial system for administration and supervision by the Supreme Court. The jurisdiction of such inferior courts shall be as prescribed by the legislature. Until provided by law, no changes shall be made in the jurisdiction

1. "3–104. Practicing without license a contempt—Exception.—If any person shall practice law or hold himself out as qualified to practice law in this state without having been admitted to practice therein by the Supreme Court and without having paid all license fees now or hereafter prescribed by law for the practice of law he is guilty of contempt both in the Supreme Court and district court for the district in which he shall so practice or hold himself out as qualified to practice. Provided, that any person may appear and act in a magistrate's division of a district court as representative of any party to a proceeding therein so long as the claim does not total more than $300, and so long as he or his employer has no pecuniary interest in the outcome of the litigation, and that he shall do so without making a charge or collecting a fee therefor."

2. "3–420. Unlawful practice of law—Penalty. —If any person shall, without having become duly admitted and licensed to practice law within this state or whose right or license to practice therein shall have terminated either by disbarment, suspension, failure to pay his license or otherwise, practice or assume to act or hold himself out to the public as a person qualified to practice or carry on the calling of a lawyer within this state, he shall be guilty of an offense under this act, and on conviction thereof be fined not to exceed five hundred dollars ($500), or be imprisoned for a period of not to exceed six (6) months, or both, and if he shall have been admitted to practice law he shall in addition be subject to suspension under the proceedings provided by this act."

or in the manner of the selection of judges of existing inferior courts."

The judicial powers so established are protected from infringement or interference by the legislative or executive branches of state government. Articles 2, § 1, and 5, § 13, of the Idaho Constitution provide:

"Art. 2, § 1. Departments of government.—The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

"Art. 5, § 13. Power of the legislature respecting courts.—The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government . . . ."

■ As generally recognized, constitutionally granted judicial powers include supervision of the practice of law.

"The practice of law is so intimately connected with the exercise of judicial power in the administration of justice that the right to define and regulate the practice naturally and logically belongs to the judicial department of the state government. Under the doctrine of separation of powers the courts have inherent power to regulate admission to the practice of law, to oversee the conduct of attorneys as officers of the court, and to control and supervise the practice of law generally, whether in or out of court. It is a prerogative of the judicial department to regulate the practice of law. However, the state has a substantial interest in maintaining a competent bar, and the legislature, under the police power, may act to protect the public interest, but in so doing, it acts in aid of the judiciary and does not supersede or detract from the power of the courts." (Footnotes omitted.) 7 Am.Jur.2d, Attorneys at Law, § 2, p. 55–56.

See also *In re Bowen*, 95 Idaho 334, 335, 508 P.2d 1240, 1241 (1973) (responsibility for ordering suspension or disbarment of an attorney in Idaho rests ultimately with Supreme Court); *State v. Finch*, 79 Idaho 275, 281, 315 P.2d 529, 531 (1957) (judicial power vested in the courts cannot be conferred upon any agency of the executive department in the absence of constitutional authority); *In re Lavin*, 59 Idaho 197, 199, 81 P.2d 727 (1938) (right to practice law is a privilege and the admission or exclusion of persons from that right is a judicial power); *In re Edwards*, 45 Idaho 676, 690, 266 P. 665 (1928) (Supreme Court has inherent power to adopt rules and regulations prescribing the qualifications of persons seeking to practice in state and to ultimately determine whether they shall be admitted; power also includes suspension or disbarment of attorneys upon sufficient cause; jurisdiction to undertake these functions does not depend upon statutory enactments); *Neil v. Public Utilities Comm.*, 32 Idaho 44, 178 P. 271 (1919) (judicial, as opposed to legislative or administrative, questions can only be adjudicated in courts invested with judicial powers; public utilities commission is not such a court).

In *Application of Kaufman*, 69 Idaho 297, 206 P.2d 528 (1949), this court was faced with legislative enactments concerning the admission to the practice of law of persons in the state, which statutes allegedly infringed upon the power of the judiciary to supervise such admissions to the Bar. Therein the court stated:

"From a careful and comprehensive analysis of all the above authorities, which include most if not all of the authorities cited by respective counsel and which are closely enough in point to require consideration, the following rules seem to be deducible: First, that the process of admitting to the bar comprehends fixing standards as to mental and scholastic qualifications and determining whether the applicant possesses such requirement; second, that the exercise thereof is a judicial function, inherent in

the courts; and third, the legislature may enact valid laws in aid of such functions and may, if in furtherance thereof, fix minimum requirements, but in no event, maximum; and may not require the courts to admit on standards other than as accepted or established by the courts, and that any legislation which attempts to do so is an invasion of the judicial power and violative of the constitutional provisions establishing the separate branches of government and prohibiting the legislature from invading the judiciary." 69 Idaho at 315, 206 P.2d at 539. *See* Idaho Const. Art. 5, § 13, *supra* ; Art. 2, § 1, *supra. See also, Merco Const. Eng., Inc. v. Municipal Court*, 21 Cal.3d 724, 147 Cal.Rptr. 631, 581 P.2d 636 (1978); *Denver Bar Association v. Public Utilities Commission*, 154 Colo. 273, 391 P.2d 467 (1964); *State ex rel. State Bar v. Keller*, 16 Wis.2d 377, 114 N.W.2d 796 (1962).

The Bar specifically notes that Rule 4.3(b) and (c) apparently authorize the practice of law by lay persons.

▆▆▆ Inasmuch as Rule 4.3(b) and (c) profess to empower third persons unconnected with the entity and acting in a representative capacity in proceedings before the Commission to engage in activities constituting the practice of law, the Commission in adopting these subsections has infringed upon the inherent and singularly judicial power granted by the constitution to this court to define and regulate the practice of law. Idaho Const. Art. 2, § 1, Art. 5, § 13; *State v. Finch, supra; Application of Kaufman, supra; In re Lavin, supra; Denver Bar Ass'n v. Public Utilities Comm'n, supra*. This court has observed that it is "the inherent right of a natural person to represent himself *pro se*, but this right does not extend to representation of other persons or corporations." *Weston v. Gritman Memorial Hospital, supra*, 99 Idaho at 720, 587 P.2d at 1255. *See also White v. Idaho Forest Industries, supra*, 98 Idaho at 788, 572 P.2d at 891.

Yet consistent with the recognition that proceedings before the Commission are quasi-judicial, and often involve matters more administrative than judicial in nature, some relaxation of the traditional rule against the practice of law by lay persons is appropriate. Accordingly, this court has no objection to Rule 4.3(b) and (c) to the extent they allow representation of a sole proprietorship by the owner, or representation of a partnership by the partners, or representation of a corporation or non-profit organization by the officers of those entities. However, to the extent Rule 4.3(b) and (c) authorize representation of an entity by third persons unconnected with the entity, the objection of the Bar is well founded. *See generally*, Annot., "Representation of Another before State Public Utilities or Service Commission as Involving Practice of Law," 13 A.L.R.3d 812 (1967). It is well settled that in proceedings before regulatory bodies such as the Commission, that third persons unconnected with the entity and acting in a representative capacity in such proceedings would necessarily be engaging in activities commonly associated with the practice of law. *Denver Bar Ass'n v. Public Utilities Comm'n, supra* ; 2 Davis, Administrative Law Treatise, § 12.3, 412–15 (2d ed. 1978).

The Bar also objects to Rule 4.3(e), as purporting to grant to hearing officers of the Commission the unlimited discretion to decide who may appear and represent parties in various proceedings before that body. Rule 4.3(e) reads as follows:

"The presiding officer at any hearing shall have discretion to make exceptions depending on the nature of the matter or the formality of the proceeding and allow a partner, officer, full time employee or other authorized representative to appear on behalf of a partnership, corporation or other organization."

Not only is it apparent that there are no restrictions on the hearing officer's claimed authority under the rule, it is equally apparent that the Commission is without authority in the first instance to promulgate any rules allowing third persons unconnected with the entity they are representing to engage in the practice of law in proceedings before it. Rule 4.3(e) therefore impermissi-

bly professes to delegate authority the Commission is without, and is a further infringement upon the inherent and singularly judicial power granted by the constitution to this court to define and regulate the practice of law. *Id.*

Given the court's statutorily limited scope of appellate review of orders of the Commission, the court is of the opinion that it would be inappropriate at this time to address the issue of what activities undertaken by third persons unconnected with the entity and acting in a representative capacity in proceedings before the Commission would or would not constitute the practice of law. I.C. § 61–629, which defines the court's scope of review on appeals from orders of the Commission, provides:

"Matters reviewable on appeal—Extent of review—Judgment.—No new or additional evidence may be introduced in the Supreme Court, but the appeal shall be heard on the record of the commission as certified by it. The review on appeal shall not be extended further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order appealed from violates any right of the appellant under the constitution of the United States or of the state of Idaho. Upon the hearing the Supreme Court shall enter judgment, either affirming or setting aside or setting aside in part the order of the commission. In case the order of the commission is set aside or set aside in part, the commission, upon its own motion or upon motion of any of the parties, may alter or amend the order appealed from to meet the objections of the court in the manner prescribed in section 61–624, Idaho Code."

Thus, it is the decision of this court that the Commission is without authority to adopt those portions of Rule 4.3(b) and (c) which permit representation of a utility, motor carrier or non-profit organization by a non-attorney unconnected with the entity. We also hold that Rule 4.3(e) is too broad and is beyond the authority of the Commission to adopt. And, consistent with I.C. § 61–629, this court will not posit hypothetical situations as to what activities undertaken by non-attorneys unconnected with the entity and acting in a representative capacity in proceedings before the Commission would or would not constitute the practice of law.

Accordingly, Rule 4.3(b) and (c) is set aside in part, Rule 4.3(e) is set aside. Costs to appellant.

BAKES, C. J., and BISTLINE, DONALDSON and SHEPARD, JJ., concur.