682 P.2d 102

**Vincent T. MASI, Plaintiff-appellant,**

v.

**Dr. Patrick SEALE,
Defendant-respondent.**

No. 14715.

Supreme Court of Idaho.

May 30, 1984.

---

**562**

James W. Ingalls, and Bliss O. Bignall, Jr., Coeur d'Alene, for plaintiff-appellant.

James R. Michaud, Coeur d'Alene, for defendant-respondent.

BAKES, Justice.

Plaintiff appeals from a grant of summary judgment in favor of the defendant, a dentist, which summary judgment was based upon the running of the statute of limitations. We affirm.

On December 15, 1978, the defendant extracted a wisdom tooth for the plaintiff. On December 20, 1978, the plaintiff returned to the defendant to have the stitches removed, which was done. Thereafter, there was no further contact between plaintiff and defendant.

Prior to filing his complaint, plaintiff's attorney contacted the defendant by telephone, and pursuant to a question asked by the attorney, the defendant advised the plaintiff's attorney that "the last day of treatment was December 20, 1978," which information plaintiff's attorney wrote down on his file. On Monday, December 22, 1980, plaintiff filed his complaint, stating that "plaintiff had his wisdom tooth extracted by the defendant on the 20th day of December, 1978," and "that as a result of the negligence of the defendant, plaintiff's

nerves were cut, which resulted in his loss of taste and feeling in his mouth." The complaint further alleged that the defendant negligently failed to advise the plaintiff of the risks of the procedure prior to extracting the wisdom tooth.

The defendant first filed a motion to dismiss supported by an affidavit stating that plaintiff had not complied with I.C. § 6–1001 which requires a prelitigation hearing by the Idaho State Board of Medicine for any medical malpractice claim. Subsequently, the defendant filed his answer to the complaint setting up as one of the defenses the statute of limitations. Thereafter, the defendant filed an "amended notice of hearing" on his motion to dismiss asserting that, based upon the deposition of the defendant dentist, the statute of limitations had run on the plaintiff's claim. Immediately prior to the hearing thereon on December 15, 1982, the plaintiff's attorney filed his affidavit in opposition to the amended motion to dismiss. In view of the affidavits and depositions which are "matters outside the pleadings" and submitted in support of the amended motion to dismiss, the trial court correctly treated the motion to dismiss as a motion for summary judgment. I.R.C.P. 12(b); *Cook v. Soltman*, 96 Idaho 187, 525 P.2d 969 (1974) (motion to dismiss medical malpractice claim properly treated as summary judgment when based on material outside the pleadings). The plaintiff's objection to that procedure is not well taken.

Although the plaintiff asserts both here and before the trial court that the statute of limitations did not commence to run until the last day of treatment on December 20, 1978, I.C. § 5–219, in effect at the time, provides:

"[T]he cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom or any continuing professional or com-

mercial relationship between the injured party and the alleged wrongdoer ...."

The trial court correctly analyzed the record and concluded that "the extraction was fully completed on December 15, 1978, at which time if the plaintiff's nerves were severed by reason of the negligence of the defendant, the act had been fully accomplished." The trial court's decision correctly interpreted the statute. *Holmes v. Iwasa,* 104 Idaho 179, 657 P.2d 476 (1983). Furthermore, plaintiff's allegation that defendant failed to warn plaintiff of the risks inherent in the procedure would of necessity have had to have occurred prior to the date of extraction, and therefore the statute of limitations would also have run on that claim.

The plaintiff asserts that the defendant is estopped to assert the statute of limitations because he advised the plaintiff that the last day of treatment was December 20, 1978. Apart from the fact that the issue of estoppel was not raised below, the record reflects that the defendant's response to plaintiff's attorney's question as to when the last day of treatment occurred was neither inaccurate nor misleading. That plaintiff's attorney misunderstood that the statute began to run after the date of the last treatment is no grounds for asserting estoppel against the defendant.

The judgment of the district court is affirmed. Costs to respondent.

DONALDSON, C.J., BISTLINE and HUNTLEY, JJ., and McFADDEN, J. pro tem., concur.