702 P.2d 890

**Mary PICHON, Plaintiff-Appellant,**

v.

**Willis B. BENJAMIN and St. Clair, St. Clair, Hiller and Benjamin, Defendants-Respondents.**

No. 14852.

Court of Appeals of Idaho.

June 28, 1985.

Mary Pichon, pro se.

Robert M. Harwood, Twin Falls, for appellee.

PER CURIAM.

Mary Pichon brought suit against attorney Willis Benjamin and his law firm in connection with services rendered to her during a real estate transaction. In her complaint, Pichon sought recovery of general damages, punitive damages and attorney fees under two theories. First, she claimed Benjamin had negligently "performed legal services [for her] during the years 1972, 1973 and 1974 on a continuing basis," although she conceded in district court that she could show no damage resulting from any conduct of Benjamin occurring in 1974. Second, she alleged Benjamin's legal services "were performed under circumstances in which [Benjamin] was under a conflict of interest as defined by the ethical requirements applicable to lawyers," and that Benjamin had breached the duty owed, by providing legal services for her while the alleged conflict of interest was extant. The district court, concluding that Pichon's claims were barred by a statute of limitation, granted Benjamin's motion for summary judgment. On appeal, Pichon asserts the district court erred by applying an incorrect statute of limitation, or alternatively, that the court incorrectly applied the applicable statute. We affirm.

Pichon's claims against Benjamin allegedly arose as follows. In 1972, Mrs. Pichon hired Benjamin to prepare a contract and other documents relating to the sale of her land in Ketchum, Idaho. The agreement contemplated that Pichon would retain title to the land until the contract was satisfied in full; but the contract also contained a provision whereby, upon certain conditions, title to one-half of the land could be delivered to the buyer. In 1973, Pichon and the buyer met with Benjamin and executed instruments releasing title to one-half of the property under the conditions of the contract. In 1974, the buyer defaulted. In July of that year, Pichon requested Benjamin to instigate forfeiture of the buyer's rights under the contract. Benjamin declined to represent Pichon in such proceedings, disclosing that he then had established a professional relationship with the buyer which created a conflict of interest. Mrs. Pichon obtained other counsel, who assisted her in the forfeiture proceedings.

On July 19, 1976, Pichon filed this suit against Benjamin. The district court determined that I.C. § 5–219(4), which limits the period for filing professional malpractice claims to two years after the claim has accrued, barred Pichon's claims against Benjamin. That statute provides in pertinent part that "the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer...."

I

On appeal, Mrs. Pichon concedes that she does not assert "continuing consequences or damages" or merely a "continuing relationship" with Benjamin during the time in question, 1972–1974. Rather she contends Benjamin's conduct was a "continuing act and a continuing transaction, which together constitute continuing negligence." She describes the "continuing negligence" as follows:

"(1) The Respondents' omission to advise Pichon as her legal counsel concerning the meaning and consequences of the legal transactions in which she was participating with the Respondents; and

(2) The Respondents' omission to advise Pichon concerning the means avail-

able to Pichon—because of the peculiar double-client relationship of the Respondents—to cure the problems which grew out of those legal transactions."

■ Essentially, she argues that Benjamin was negligent for failing to advise her—with or without inquiry from her—of every contingency relating to a title-retaining contract of sale of land. We agree with the district court that Mrs. Pichon's claim of negligence embraces distinct and separate instances in 1972 and 1973 when Benjamin allegedly failed to provide her with advice regarding the real estate transaction. His conduct was not one of continuous negligence nor did Mrs. Pichon suffer a form of deferred damage as a consequence of Benjamin's failure to give advice. If she suffered any damages at all, it was at the time, not later, when Benjamin allegedly failed to counsel her in 1972 and 1973. *Compare Streib v. Veigel*, 109 Idaho 174, 706 P.2d 63 (Supreme Court 1985) (cause of action for negligently prepared tax return does not accrue until taxpayer suffers damage upon later audit by Internal Revenue Service and assessment of additional taxes due). We believe that, by amendment of I.C. § 5–219, our legislature has expressly rejected the theory of continuing negligence advocated by Pichon. The cause of action accrued for each event of alleged malpractice on the day the event occurred and Pichon had two years in which to file a claim. *See Masi v. Seale*, 106 Idaho 561, 682 P.2d 102 (1984); *Holmes v. Iwasa*, 104 Idaho 179, 657 P.2d 476 (1983). We hold that Pichon's claim based on negligence was barred by I.C. § 5–219(4) when she waited until July, 1976, to file suit.

## II

Pichon next attacks the court's ruling in respect to her second cause of action, relating to the alleged conflict of interest disclosed in 1974. In the second claim for relief in her complaint, Pichon asserted that Benjamin violated a provision of Idaho's Code of Professional Responsibility for attorneys. Arguing that the professional ethics code was adopted by our Supreme Court pursuant to statutory authorization, I.C. § 3–201, Pichon urges that the code creates a "liability by statute," causing the period for filing her complaint on the second claim for relief controlled by I.C. § 5–218.[1] In the alternative, Pichon contends her second claim, which essentially seeks relief for a fraud perpetrated by Benjamin, would also be governed by the three-year limiting period of section 5–218.

■ We are not persuaded by Pichon's arguments. Pichon's hypothesis—that the Code of Professional Responsibility was promulgated pursuant to statute—is erroneous. The regulation of the practice of law is an *inherent* power of the judiciary. *See Idaho State Bar Ass'n v. Idaho Public Utilities Commission*, 102 Idaho 672, 637 P.2d 1168 (1981); *Application of Kaufman*, 69 Idaho 297, 206 P.2d 528 (1949); 7 AM.JUR.2d *Attorneys at Law* § 2, p. 55 (1980). The adoption of the Code of Professional Responsibility was not dependent upon statutory authority and did not create any "statutory liability."

■ Nor are we convinced Pichon's second claim for relief is within the purview of section 5–218 simply because it impliedly asserts that the attorney's conflict of interest was not properly disclosed. Pichon's second claim clearly does not allege the elements of a cause of action for intentional fraud. *See Faw v. Greenwood*, 101 Idaho 387, 613 P.2d 1338 (1980).

Prior to its amendment in 1971, I.C. § 5–219(4) provided a two-year filing period for professional malpractice claims but did not specify when the claim accrued, triggering the start of the two-year period. As noted, section 5–219(4) now provides that

---

1. I.C. § 5–218, when read in conjunction with I.C. § 5–214, provides that suit must be filed "within three years" in:

    1. An action upon a liability created by statute, other than a penalty or forfeiture....

4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

"the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer...."

Section 5–219(4) provides two exceptions to the "accrual on occurrence" rule. Cases involving foreign objects in the body and cases involving fraudulent concealment accrue "when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained of." In these two types of cases, an action must be commenced within one year of the discovery of the wrongful act or within two years following the occurrence, whichever is later. Fraudulent concealment occurs "when the fact of damage has, for the purpose of escaping responsibility therefor, been fraudulently and knowingly concealed from the injured party by an alleged wrongdoer standing at the time of the wrongful act, neglect or breach in a professional or commercial relationship with the injured party...." I.C. 5–219(4).

Pichon's second claim for relief alleged that Benjamin's performance of legal services for her created a conflict of interest as defined by the ethical requirements applicable to lawyers, that Benjamin owed Pichon a duty to comply with the ethical requirements, and that Benjamin breached his duty by concealing the conflict of interest. According to section 5–219(4) Pichon had one year after the discovery of the alleged breach or two years following the occurrence, whichever was later, within which to commence an action. Pichon contends she discovered the alleged fraudulent concealment in 1974. The most recent act for which she claims damages occurred in 1973. Application of either limiting period yields the same result; section 5–219(4) obligated Pichon to commence an action no later than 1975. The record reveals her complaint was filed in July, 1976. We conclude, therefore, that Pichon's claim for relief was barred by the applicable statute of limitation.

The district court's judgment is affirmed. No attorney fees on appeal. Costs to respondents.